```
ANDRE' BIROTTE JR.
United States Attorney                          JS - 6
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
FRANK D. KORTUM
Assistant United States Attorney
California Bar Number 110984
Asset Forfeiture Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5710
     Facsimile: (213) 894-7177
     E-mail: Frank.Kortum@usdoj.gov

Attorneys for Plaintiff
United States of America
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.  SACV 09-01294-CJC(MLGx) |
| Plaintiff, | **CONSENT JUDGMENT OF FORFEITURE** |
| v. | |
| $53,000.00 IN U.S. CURRENCY FROM SAFE DEPOSIT BOX, | |
| Defendant. | |
| STEPHEN DECESARE, | |
| Claimant. | |

This action was filed on November 6, 2009. Notice was given and published in accordance with law. Claimant Stephen Decesare ("Decesare") filed his claim in this action on December 31, 2009. No answer was filed by the claimant. Plaintiff and claimant

1

Decesare have now agreed to settle this action and to avoid further litigation by entering into this consent judgment of forfeiture.  The parties hereby request that the Court enter this Consent Judgment of Forfeiture.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1. This court has jurisdiction over the parties and the subject matter of this action.

2. The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(A).

3. Notice of this action has been given as required by law.  No appearances have been made in this case by any person other than claimant.  The Court deems that all other potential claimants admit the allegation of the complaint for forfeiture to be true.  Claimant Decesare agrees that the defendant $53,000.00 in U.S. Currency seized from Bank of America safety deposit #10942 plus all interest earned by the United States on the entire sum since seizure in this action shall be condemned and forfeited to the United States of America.  The custodian of the defendant bank funds is ordered to dispose of the funds forfeited to the United States in accordance with law.

4. The parties further agree that the $53,000 seized from defendant's Bank of America safety deposit box in May 2009 by U.S. Immigration and Customs Enforcement ("ICE") may be credited towards the satisfaction of claimants restitution obligation in the action entitled <u>United States v. Decesare</u>, No. SACR09-00138-CJC.

5. Plaintiff, United States of America, agrees that it will not seek to recover civil sanctions (except to the extent

2

that the forfeiture of the defendants can be considered a civil sanction), attorney's fees or costs in connection with this action or the underlying seizure.

6. The Court finds that there was reasonable cause for the seizure of the defendants and institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

7. Claimant hereby releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of Customs and Border Protection and the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorneys fees, costs, and interest, which may be asserted by or on behalf of claimant.

8. The Court further finds that claimant did not substantially prevail in this action, and each of the parties hereto shall bear their own attorney fees and costs.

Dated: April 19, 2012

THE HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

3